United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAFECO INSURANCE COMPANY OF AMERICA,

Plaintiff,

v.

LORI CHIANG, ROBERT CHIANG, and CM CONSTRUCTION COMPANY, INC.,

Defendants.

No. C-04-1977 SC

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiff Safeco Insurance Company of America ("Plaintiff" or "Safeco") brought this action against Defendants Lori Chiang, Robert Chiang, and Chiang CM Construction Company, Inc. ("Defendants" or "CM"), alleging causes of action for, inter alia, breach of an indemnity agreement and equitable indemnity.[1]

Presently before the Court is Plaintiff's motion for summary judgment or, in the alternative, partial summary judgment.

For the reasons stated herein, the Court DENIES Plaintiff's motion for summary judgment because it finds that there are disputes as to issues of material fact. The Court also DISMISSES

[1] The Court has jurisdiction over this matter based on diversity of the parties. Complaint ¶ 6. Safeco is a citizen of Washington and all Defendants are citizens of California. Id. ¶¶ 1-4. Also, the amount in controversy is alleged to be greater than $75,000.00, exclusive of interests and costs. Id. ¶ 6.

United States District Court
For the Northern District of California

several causes of action which fail to state a claim for relief.

## II. BACKGROUND

Except as cited, the Court takes the facts from Defendants' papers, which, for purposes of this motion, are assumed to be true.

Safeco, acting as surety, issued to CM seven payment and performance bonds ("Bonds") on various construction projects on which CM was the general contractor. Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment at 2 ("Defs.' Mem."). As part of this, CM "executed in Safeco's favor a general agreement of indemnity" ("Indemnity Agreement"), which provides for the defense and indemnification of Safeco for

> [a]ll loss, costs, and expenses of whatsoever kind and nature, including courts costs, reasonable attorney fees (whether [Safeco] at its sole option elects to employ its own attorney, or permits or requires [Defendants] to make arrangements for [Safeco's] legal representation), consultant fees, investigative costs and any other losses, costs or expenses incurred by [Safeco] by reason of having executed any Bond, or of any Default under this agreement by any of the [Defendants].

Declaration of Robert Ho in Opposition to Motion for Summary Judgment ("Ho Decl."), Ex. A at 1. The Indemnity Agreement also states that CM will pay Safeco

> [u]pon demand...[a]n amount sufficient to discharge any claim made against [Safeco] on any Bond [sic]. This sum may be used by [Safeco] to pay such claim or be held by [Safeco] as collateral security against any loss on any bond [sic].

Id.

Safeco was named as a defendant in four lawsuits ("Suits").

//

//

United States District Court
For the Northern District of California

They are:

A. Romak Iron Works, Inc. v. Owa Steel, Inc., et al.

Romak Iron Works, Inc. named Safeco as a defendant in a 2002 suit in the San Francisco Superior Court. Defs.' Mem. at 3. Default was entered against Safeco "for failure to file timely responsive pleadings." Id. Safeco then retained its own counsel, who was able to have the default vacated. Pl's. Mem. at 5. Upon demand, Defendants provided both a defense and a promise to indemnify Safeco. Defs.' Mem. at 3. After a trial decision in Romak's favor, CM "satisfied the judgment in Romak's favor in full." Id.

Despite this, Safeco insists that it is owed $2,609.39 in attorney's fees paid to have the default removed and $15,052.38 in attorney's fees and costs for fees and costs incurred for monitoring the underlying claims against the Bonds, including active participation in settlement of the Romak Iron action. Reply at 7.

B. Ki-Man Song, et al. v. Jin Construction & Electric Co., et al.

In September 2003, employees of Jin Construction filed a lawsuit in the Northern District of California against Jin Construction, CM, and Safeco. Defs'. Mem. at 4. These plaintiffs voluntarily dismissed the federal action and refiled it in the San Francisco Superior Court. Id. The state court sustained CM's demurrers as to the first and second complaints. Id. at 4-5. The court has yet to rule on the demurrer to the third amended complaint. Id. Safeco continues to employ counsel to monitor

United States District Court
For the Northern District of California

this litigation. Pl's. Mem. at 7.

Defendants assert that the "[d]efense in this case has been conducted by [a law firm] at CM's entire cost and expense and at no cost to Safeco. No damages have been assessed against CM or Safeco in this case." Defs'. Mem. at 5.

All the same, Safeco contends that it is owed $1,200.00 in attorney's fees and costs incurred in the investigation of the claims and $7,325.00 in consultant's fees and costs. Reply at 7.

C. <u>The Last Two Suits: Wong Woong Im, et al. v. Jin Construction Co., et al. and Chong Duk Kim, et al. v. S.F.U.S.D., et al.</u>

Defendants provided a defense to Safeco in the Wong Woong Im action, which the Honorable Susan Illston of the Northern District of California dismissed in September 2004. <u>See</u> Defs.' Mem. at 5. "No damages were rendered against Safeco in this case, nor did Safeco incur fees for its defense in this case because Defendants provided a complete defense to Safeco pursuant to the indemnity agreement." <u>Id</u>.

The Chong Duk Kim action, which has essentially the same plaintiffs as the Wong Woong action, was dismissed in the San Francisco Superior Court after the court sustained a demurrer to the first amended complaint. <u>Id</u>. at 6.

Safeco alleges that in response to all these Suits, it "investigated and continues to investigate these claims, and as a result has incurred and continues to incur loss, cost and expense." Plaintiff's Memorandum in Support of Motion for Summary Judgment at 2 ("Pl.'s Mem."). Safeco asserts that it has also incurred expenses in "enforcing [Defendants'] defaulted

obligations under the Indemnity Agreement," including expenses incurred in pursuing the instant action. Id. at 2.

From all the Suits, Safeco asserts that Defendants owe Plaintiff $538,450.97. Id. at 14.[2] This amount is the total of the amount of attorney's fees and costs for setting aside the default in the Romak Iron Works action ($2,609.39), the amount of attorney's fees incurred for the investigation of the claims in the Ki-Man Song action ($1,200.00), the amount of consultants' fees incurred for the investigation of claims in the Ki-Man Song action ($7,325.00), the amount of attorney's fees and costs incurred in monitoring the underlying claims against the Bonds, including active participation in the settlement of the Romak Iron Works action ($15,052.38), the amount of attorney's fees incurred in prosecution of the instant action ($12,264.20) and the amount of collateral security that Safeco demands ($500,000.00). See Reply at 4, 7.

Plaintiff filed this action in the Northern District of California alleging causes of action for (1) breach of the indemnity agreement; (2) specific performance of indemnity agreement; (3) statutory reimbursement; (4) equitable indemnity; (5) exoneration; (6) money paid; and (7) quia timet. See Complaint ("Compl.") at 6-7.

---

[2] In its Motion for Summary Judgment, Plaintiff states that this amount is $534,209.51, which is less than the amount stated above. See Reply at 8, FN 6. Plaintiff states that the higher amount "reflects the amounts shown on invoices, not the actual payment received from Safeco." Id. The lower total "reflects the actual loss incurred by Safeco, not the amount shown on the invoices." Id.

United States District Court
For the Northern District of California

**III. LEGAL STANDARD**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of fact exists when the non-moving party produces evidence on which a reasonable trier of fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252-56 (1986). Summary judgment is therefore appropriate against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322-23. The more implausible the claim or defense asserted by the opposing party, the more persuasive its evidence must be to avoid summary judgment, see Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), but "[t]he evidence of the non-moving party is to be believed, and all justifiable inferences are to be drawn in its favor." Anderson, 477 U.S. at 255.

**IV. DISCUSSION**

As stated above, the parties dispute that Defendants have fully paid for the costs directly associated with litigating the Suits. The parties also dispute whether Defendants should pay for the costs arising from Plaintiff's monitoring of the Suits and whether Defendants should have and should now post collateral security.

United States District Court
For the Northern District of California

A. There is a Question of Material Fact Whether Defendants Have Breached the Indemnity Agreement by Refusing to Pay for Safeco's Litigation Monitoring Fees

In California, the elements for a cause of action for breach of contract are: (1) the existence of a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach and (4) damages resulting to plaintiff because of the breach. See Armstrong Petroleum Corporation v. Tri-Valley Oil and Gas Company, 116 Cal. App. 4th 1375, 1391, FN 6.[3] The interpretation of a written instrument is a matter of law and thus exclusively a judicial function, unless the interpretation turns on the credibility of extrinsic evidence. See De Guere v. Universal Studios, 56 Cal. App. 4th 482, 501 (Cal. Ct. App. 1997).

The Indemnity Agreement grants Safeco "reasonable attorney fees (whether [Safeco] at its sole option elects to employ its own attorney, or permits or requires [Defendants] to make arrangements for [Safeco's] legal representation)." Ho Decl., Ex. A at 1.

Because the parties dispute whether the costs - for removing the default, hiring attorneys to monitor and investigate the claims - are "reasonable" under the contract, the Court finds that a genuine issue of material fact exists.

---

[3] The Court determines that the Indemnity Agreement is governed by the law of California, though the agreement is silent on the issue of what state law governs it and Plaintiff is a resident of Washington. In determining this, the Court looked to California Civil Code § 1646 and to the Restatement, as required by Shannon-Vail Five Inc. v. Bunch, 270 F.3d 1207, 1210 and to Washington state law. The Court took into account the fact that the Indemnity Agreement was executed in California, that the underlying public works projects were in California, and the surety bonds were issued in California. See Plaintiff's Supplemental Briefing Regarding Applicable Law at 2-4.

United States District Court
For the Northern District of California

B. It is a Question of Material Fact Whether Defendants Have Breached the Indemnity Agreement by Failing to Provide Collateral Security

Plaintiff also contends that CM breached the Indemnity Agreement by failing to post collateral security pursuant to the Indemnity Agreement and Safeco's May 6, 2004 demand. Compl. ¶ 22. Safeco asserts that it has "incurred damages in the form of attorney fees, consultant fees, and costs. Moreover, to the extent that any claimant recovers any monies under the Bond as a result of the claims asserted in the pending lawsuits discussed above, [Defendants] are obligated to indemnify and hold Safeco harmless for such loss." Pl's. Mem. at 14.

Defendants, on the other hand, contend that Safeco has not demonstrated "by admissible evidence that it is entitled to collateral in this amount." Defs.' Mem. at 11.

The Indemnity Agreement requires CM to give Safeco upon demand an "amount sufficient to discharge any claim made against" Safeco, an amount Safeco may use to "pay such claim," or hold Safeco "as collateral security against loss on any bond." Ho Decl., Ex. A at 1.

The plain language of the contract indicates that CM must give Safeco an amount of money to discharge or pay for "any claim made." Id. The Indemnity Agreement reserves to Safeco the "exclusive right...to determine in good faith whether any claim or suit upon any Bond shall, on the basis of belief of liability, expediency or otherwise, be paid, compromised, defended or appealed." Id.

The Court finds that there is a genuine issue as to material

United States District Court
For the Northern District of California

fact whether Plaintiff determined in good faith that claims existed and, thereby, whether Defendants breached the Indemnity Agreement by failing to post such collateral security.

C. Second Cause of Action: Specific Performance

Plaintiff asks that the Court enforce the collateral security provision. See Compl. ¶¶ 25-29. Specifically, Plaintiff asks that the Court order Defendants to post $500,000.00 in collateral security to cover any past or future expenses arising from litigation over the Bonds.

Under reasoning similar to that outlined above, there is a genuine question whether Plaintiff has determined in good faith that claims will exist and, thereby, whether the Court should order Defendants to specifically perform its duty under the Indemnity Agreement.

D. Third Cause of Action: Statutory Reimbursement

Plaintiff asserts that, under California Civil Code § 2847, Defendants owe it for the current and future expenses arising from its issuance of the Bonds. Compl. ¶¶ 30-32.

California Civil Code § 2847 states that

> [i]f a surety satisfies the principal obligation, or any part thereof, whether with or without legal proceedings, the principal is bound to reimburse what he has disbursed, including necessary costs and expenses.

"Necessary" is the key word here. The Court finds that it is a question of material fact whether the expenses Safeco incurred in removing the default arose from its lack of diligence. There is also a question of material fact whether the costs of monitoring the litigation and investigating the claims are

"necessary."

E. Plaintiff's Fourth, Fifth, Sixth and Seventh Causes of Action

These claims are invalid as a matter of law. All these remaining causes of action (equitable indemnification, exoneration, money paid, and quia timet) are actions in quasi-contract. Under California law "an action in quasi-contract... does not lie when an enforceable, binding agreement exists defining the rights of the parties." Paracor Finance, Inc. v. General Electric Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996). Because the Indemnity Agreement is an enforceable, binding agreement that defines the rights of the parties, these actions for quasi-contract cannot stand as a matter of law.

The Court can, sua sponte, dismiss causes of action under Federal Rule of Civil Procedure 12(b)(6) that fails to state a claim for relief.

Based on the foregoing, the Court DISMISSES Plaintiff's fourth, fifth, sixth, and seventh causes of action.

F. Eighth Cause of Action: Costs for This Action

Plaintiff contends that Defendants, under the Indemnity Agreement, must pay for Safeco's costs in pursuing the instant action. Reply at 7.

California law does not favor such a contention. Absent a contractual provision specifying an award of attorney fees in an action to enforce an indemnity agreement, current California law holds that an indemnity agreement does not include recovery of attorney fees incurred in enforcing the agreement. See Campbell

v. Scripps Bank, 78 Cal. App. 4th 1328 (Cal. Ct. App. 2000) and Building Maintenance Service Company v. All Systems, Inc., 55 Cal. App. 4th 1014 (Cal. Ct. App. 1997).

Based on the foregoing, the Court DISMISSES Plaintiff's eighth cause of action.

**V. CONCLUSION**

The Court finds that there are genuine issues of material fact. Accordingly, Plaintiff's motion for summary judgment is DENIED.

Furthermore, the Court DISMISSES Plaintiff's fourth, fifth, sixth, seventh and eighth causes of action.

IT IS SO ORDERED.

Dated: July 6, 2006

UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California