1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAFECO INSURANCE COMPANY OF AMERICA,

                Plaintiff,

   v.

LORI CHIANG, ROBERT CHIANG, and CHIANG CM CONSTRUCTION COMPANY, INC.,

                Defendants.

    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )
    )

No. C-04-1977-SC

ORDER GRANTING
PLAINTIFF'S MOTION TO
(1) ALTER AND AMEND
JUDGMENTS AND (2)
AMEND FINDINGS OF
FACT AND CONCLUSIONS
OF LAW FOLLOWING
TRIAL
AND
GRANTING PLAINTIFF'S
MOTION FOR ATTORNEY'S
FEES FOLLOWING TRIAL

**I.**   **INTRODUCTION**

    Before the Court are two related motions by Plaintiff Safeco Insurance Company of America ("Plaintiff" or "Safeco"), which Defendants Lori Chiang, Robert Chiang, Chiang CM Construction Company, Inc. ("Defendants") have opposed:  Plaintiff's Motion to Alter and Amend Judgments and Amend Findings of Fact and Conclusions of Law Following Trial ("Motion to Amend"); and Plaintiff's Motion for Attorney's Fees Following Trial ("Motion for Fees").  See Docket Nos. 92, 95.  For the following reasons, the Court hereby GRANTS Plaintiff's Motion to Amend and GRANTS

**United States District Court**
For the Northern District of California

1   Plaintiff's Motion for Fees.

2

3   **II.   <u>MOTION TO AMEND</u>**

4   The Motion to Amend seeks the following relief:

5        (1) Alter and Amend the findings contained within the
         <u>Order Denying Plaintiff's Motion for Summary Judgment</u>,
6        dated and entered on July 6, 2006 (the "<u>July Order</u>,"
         Docket entry #52) to include a finding that Safeco is
7        entitled, as a matter of law to recover against
         defendants, jointly and severally, its attorney's fees
8        incurred in the prosecution of the instant lawsuit,
         which order subsequently became judgment by operation of
9        law on December 4, 2006 (the "<u>December 4 Judgment</u>");

10       (2) Amend the <u>Findings of Fact and Conclusions or Law</u>,
         dated and entered November 30, 2006 (the "<u>Findings</u>,"
11       Docket entry #84) to include a finding that Safeco is
         entitled, as a matter of law, to recover against
12       defendants, jointly and severally**,** its attorney's fees
         incurred in the prosecution of the instant lawsuit; and

13

14       (3) Alteration and amendment of the December 1 Judgment
         to include a determination that Safeco is entitled to
15       recover against defendants, jointly and severally, its
         attorney's fees incurred in the prosecution of the
16       instant lawsuit.

17   Motion to Amend at 2-3.   In opposition, Defendants makes both

18   procedural and substantive arguments in defense, all of which

19   fail.

20        A.   <u>Legal Standard</u>

21        A court is given broad discretion to alter or amend its prior

22   orders if it "(1) is presented with newly discovered evidence, (2)

23   committed clear error or the initial decision was manifestly

24   unjust, or (3) if there is an intervening change in controlling

25   law."   <u>School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.</u>,

26   5 F.3d 1255, 1263 (9th Cir. 1993).

27   /

28   /

2

**United States District Court**
For the Northern District of California

B.    Discussion

1.    Plaintiff's Motion to Amend is Timely

Defendants argue that Plaintiff's Motion to Amend is untimely and should be denied on this ground.  Opp. to Mot. to Amend at 4. Specifically, Defendants complain that Plaintiff's Motion to Amend was filed on December 15, 2006, which is more than ten days after the Court rendered its Final Judgment on December 1, 2006. Federal Rule of Civil Procedure Rule 59(e) gives parties ten days after the entry of a judgment to file any motion for its alteration or amendment.  However, Rule 6(a) provides that "[w]hen the period of time prescribed by [a rule] is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  December 2, 2006 was a Saturday; and December 3, 2006 was a Sunday.  Thus, the Motion to Amend was timely.

2.    Plaintiff is Not Barred from Making the Motion to Amend

Defendants, more-or-less without argument, assert that Plaintiff should be barred from making the Motion to Amend on the grounds that 1) Plaintiff already submitted a motion for reconsideration dealing with similar issues, which was denied, and 2) Plaintiff submitted the draft judgment which it now seeks to amend.  See Opp. to Mot. to Amend at 2, 8.  There is no legal authority for barring Plaintiff from making its Motion to Amend on these grounds.

3.    The July Order Reaches an Erroneous Conclusion

The July Order dismissed Safeco's prayer for attorney's fees in the instant action on the grounds that "absent a contractual

3

provision specifying an award of attorney fees in an action to enforce an indemnity agreement, current California law holds that an indemnity agreement does not include recovery of attorney fees incurred in enforcing the agreement;" and such a provision was absent from the General Agreement of Indemnity for Contractors concluded by the parties on January 18, 1998 ("Indemnity Agreement").  July Order at 10.  This statement of law is correct. See Continental Heller Corp. v. Amtech Mechanical Services, Inc., 53 Cal. App. 4th 500, 508 (1997).  However, the Court's reading of the Indemnity Agreement was erroneous.

The Indemnity Agreement states that, upon demand, the undersigned (Defendant) shall pay the surety (Plaintiff) "all loss, costs and expenses of whatsoever kind and nature, including court costs and attorneys fees . . ., consultant fees, investigation costs and any other losses, costs or expenses incurred by Surety by reason of having executed any Bond, or incurred by it on account of any Default under this agreement by any of the Undersigned."  Indemnity Agreement (Admitted in to Evidence as Plaintiff's Ex. 1) at 1 (emphasis added).  The Indemnity Agreement defines "default" to include, inter alia, when the undersigned "[b]reaches, fails to perform, or comply with any provision of this agreement."  Id.  After trial on the merits, the Court found that Defendants had breached the Indemnity Agreement. See Findings of Fact and Conclusions of Law, Docket No. 84, at 7. Thus, the Court FINDS as a matter of law that Defendants are jointly and severally liable to Plaintiff for reasonable attorneys fees incurred in Plaintiff's prosecution of this action.  The July

United States District Court
For the Northern District of California

4

Order is hereby AMENDED to so read.  Accordingly, the Court will AMEND and REISSUE its Findings of Fact and Conclusions of Law and will ISSUE an Amended Judgment to reflect this modified finding.

**III. Motion for Attorney's Fees**

Plaintiff requests a total of $69,747.50 in attorney's fees. See Plaintiff's Submission in Connection with their Motion for Fees, Docket No. 109.  Having determined that Plaintiff is entitled to attorney's fees as a matter of law and having found that the amount of attorney's fees requested are reasonable, the Court hereby GRANTS Plaintiff's Motion for Fees.

A.   Legal Standard

This case is before the Court on diversity jurisdiction; thus, California state law governs the Court's evaluation of the Plaintiff's Motion for Fees.  See Michael-Regan Co., Inc. v. Lindell, 527 F.2d 653, 656 (9th Cir. 1975).  California Civil Code § 1717 provides for reciprocal enforcement of any contractual provision for attorney's fees.  In other words, even if the contractual provision of attorney's fees operates only in the direction of one party to the contract, a court shall award attorney's fees to whichever party prevails.  See Cal. Civ. Code § 1717(a).  In doing so, "[r]easonable attorney's fees shall be fixed by the court."  Id.  According to the California Supreme Court, this gives the Court "broad authority to determine the amount of a reasonable fee."  PLCM Group v. Drexler, 22 Cal.4th 1084, 1095 (2000).  "Ordinarily," a court exercising this authority "begins with the 'lodestar,' i.e. the number of hours

United States District Court
For the Northern District of California

5

reasonably expended multiplied by the reasonable hourly rate."
Id. The party opposing a motion for attorney's fees on the ground
that the amount requested is unreasonably high must support such
opposition with particularized objections to the requested
amounts. See Avikian v. WTC Financial Corp., 98 Cal.App.4th 1108,
1119 (2002).

B. Discussion

Applying this standard, the Court finds that the amount of
fees requested by Plaintiff are reasonable. According to the
declaration submitted in support of the Motion, for Fees the five
attorneys who billed time on the matter billed at rates from
$170.00 to $240.00 per hour; and paralegals working on the case
were billed at $115.00 an hour. See Beierle December 15, 2006
Decl., Docket No. 97, at 4-5. These rates are reasonable in light
of the experience of the attorneys involved. The number of hours
worked also seems reasonable given the history of the litigation
and Plaintiff's ultimate success. See id.; Beierle January 26,
2007 Decl., Docket No. 110.

Defendants argue, generally, that they should be given
additional time to address Plaintiff's request for fees "[b]ecause
it is likely that the court will deny an award of any attorney's
fees in light of" Defendants' arguments regarding Plaintiff's
Motion to Amend. Opp. at 8. The Court does not agree.
Defendants were given more than sufficient time to review and
address the figures submitted by Plaintiff, and if Defendants were
nonetheless unable to do so, Defendants should have submitted a
formal request to the Court for additional time. What's more,

United States District Court
For the Northern District of California

even if such a formal request had been submitted, it would have been denied if the only ground stated in support was Defendants' (incorrect) presumption that they would prevail in their opposition to Plaintiff's Motion to Amend.

Defendants' particular objections also fail.  First, Defendants object to fees related to Safeco's Motion for Summary Judgment on the ground that the motion was unsuccessful.  The Court in its determination is concerned with the ultimate success or failure of the litigation as a whole, not the success or failure of particular motions.  Second, Defendants complain that two attorneys, as opposed to one, were billed during trial.  It was not unreasonable for Plaintiff to have enlisted the assistance of two attorneys during trial, especially in light of the fact that one of those attorneys also appeared as a witness and needed to be examined by the other.  Third, Defendants object to the amount charged for representation at trial on the grounds that Defendants relied on the Court's prior ruling that Plaintiff was not eligible to collect fees.  This argument is irrelevant to the task at hand, determining the reasonableness of the fees requested, and so fails.  Finally, Defendants object to certain charges which are not supported by invoice exhibits.  This is without basis in the law: local rules do not require the submission of invoices to support requests for attorney's fees.  See Civil L.R. 54-6(b).

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Amend is

GRANTED and Plaintiff's Motion for Fees is GRANTED in the amount of $69,747.50, jointly and severally, against Defendants.

IT IS SO ORDERED.

Dated: February 7, 2007

_____
UNITED STATES DISTRICT JUDGE

8