UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) | No. C-04-1977-SC |
| Plaintiff, | ) ) ) | AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| v. | ) ) |  |
| LORI CHIANG, ROBERT CHIANG, and CHIANG CM CONSTRUCTION COMPANY, INC., | ) ) ) ) |  |
| Defendants. | ) ) |  |

## I.   **INTRODUCTION**

Plaintiff Safeco Insurance Company of America ("Plaintiff" or "Safeco") brought this action against Defendants Lori Chiang, Robert Chiang, and Chiang CM Construction Company, Inc. (collectively, "Defendants" or "CM"), alleging causes of action for, inter alia, breach of an indemnity agreement and equitable indemnity.[1]

---

[1] The Court has jurisdiction over this matter based on diversity of the parties.  Complaint ¶ 6.  Safeco is a citizen of Washington and all Defendants are citizens of California.  Id.

A two-day bench trial was held on August 1 and 2, 2006 on the legal and factual issues in this case.

**II.   <u>BACKGROUND</u>**

Safeco, acting as surety, issued to CM seven payment and performance bonds ("Bonds") on various construction projects on which CM was the general contractor.  Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment at 2 ("Defs.' Mem.").  As part of this, CM "executed in Safeco's favor a general agreement of indemnity" ("Indemnity Agreement"), which provides for the defense and indemnification of Safeco for

> [a]ll loss, costs, and expenses of whatsoever kind and nature, including courts costs, reasonable attorney fees (whether [Safeco] at its sole option elects to employ its own attorney, or permits or requires [Defendants] to make arrangements for [Safeco's] legal representation), consultant fees, investigative costs and any other losses, costs or expenses incurred by [Safeco] by reason of having executed any Bond, or of any Default under this agreement by any of the [Defendants].

Declaration of Robert Ho in Opposition to Motion for Summary Judgment ("Ho Decl."), Ex. A at 1.  The Indemnity Agreement also states that CM will pay Safeco

> [u]pon demand...[a]n amount sufficient to discharge any claim made against [Safeco] on any Bond [<u>sic</u>].  This sum may be used by [Safeco] to pay such claim or be held by [Safeco] as collateral security against any loss on any bond [<u>sic</u>].

<u>Id</u>.

Safeco was named as a defendant in four lawsuits ("Suits").  They are:

A.   <u>Romak Iron Works, Inc. v. Owa Steel, Inc., et al.</u>

Romak Iron Works, Inc. named Safeco as a defendant in a 2002

---

¶¶ 1-4.  Also, the amount in controversy is alleged to be greater than $75,000.00, exclusive of interests and costs.  <u>Id</u>. ¶ 6.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

suit in the San Francisco Superior Court.  Defs.' Mem. at 3.  At trial, Bruce S. Echigoshima, an employee of Safeco, testified that he informed Defendants about the pending litigation, but never received a response.  Default was entered against Safeco for failure to file timely responsive pleadings.  Safeco then retained its own counsel, who was able to have the default vacated.  Pl's. Mem. at 5.  Eventually, Defendants provided both a defense and a promise to indemnify Safeco.  Defs.' Mem. at 3.  After a trial decision in Romak's favor, CM "satisfied the judgment in Romak's favor in full."  Id.

Safeco insists that it should be compensated, per the contract, for the money it paid in attorney, investigator, and consultant fees to have the default removed, and for fees and costs incurred for monitoring the underlying claims against the Bonds, including active participation in settlement of the Romak Iron action.  Reply at 7.

B.   Ki-Man Song, et al. v. Jin Construction & Electric Co., et al.

In September 2003, employees of Jin Construction filed a lawsuit in the Northern District of California against Jin Construction, CM, and Safeco.  Defs'. Mem. at 4.

Defendants assert that the "[d]efense in this case has been conducted by [a law firm] at CM's entire cost and expense and at no cost to Safeco.  No damages have been assessed against CM or Safeco in this case."  Defs'. Mem. at 5.

Again, Safeco insists that it should be compensated, per the contract, for the money it paid in attorney, investigator, and consultant fees.

**United States District Court**
For the Northern District of California

At trial, Robert Chiang testified that he has settled the <u>Ki-Man Song</u> case.  The Court has heard since then that Robert Chiang has paid the settlement amount in full.

C.   <u>The Last Two Suits:  Wong Woong Im, et al. v. Jin Construction Co., et al. and Chong Duk Kim, et al. v. S.F.U.S.D., et al.</u>

Defendants provided a defense to Safeco in the Wong Woong Im action, which the Honorable Susan Illston of the Northern District of California dismissed in September 2004.  <u>See</u> Defs.' Mem. at 5. "No damages were rendered against Safeco in this case, nor did Safeco incur fees for its defense in this case because Defendants provided a complete defense to Safeco pursuant to the indemnity agreement."  <u>Id</u>.

Again, Safeco insists that it should be compensated, per the contract, for the money it paid in attorney, investigator, and consultant fees.

At trial, Robert Chiang testified that the <u>Chong Duk Kim</u> action, which has essentially the same plaintiffs as the <u>Wong Woong</u> action, has settled.  The Court has heard since then that Robert Chiang has paid the settlement amount in full.

Safeco alleges that in response to all these Suits, it "investigated and continues to investigate these claims, and as a result has incurred and continues to incur loss, cost and expense."  Plaintiff's Memorandum in Support of Motion for Summary Judgment at 2 ("Pl.'s Mem.").

At trial, Safeco asserted that Defendants owe Plaintiff $25,529.33.

United States District Court
For the Northern District of California

**III. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>**

The Court finds that Defendants have breached the Indemnity Agreement by (1) failing to pay for the costs associated with the litigation of the Suits and (2) failing to give collateral security when Plaintiff demanded it.

A.   <u>Attorney, Investigator, and Consultant Fees</u>

In California, the elements for a cause of action for breach of contract are:  (1) the existence of a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach and (4) damages resulting to plaintiff because of the breach. See <u>Armstrong Petroleum Corporation v. Tri-Valley Oil and Gas Company</u>, 116 Cal. App. 4th 1375, 1391, FN 6.[2]

The parties do not dispute that there is a contract (the Indemnity Agreement) nor that Plaintiff performed under the contract by issuing the Bonds to CM.  The question for the Court is whether Defendants breached the contract and whether this breach resulted in damages to the Plaintiff.

The Indemnity Agreement, cited above, grants Plaintiff quite broad coverage for "[a]ll loss, costs and expenses of whatsoever kind and nature including reasonable attorney fee...consultant

---

[2] The Court determined that the Indemnity Agreement is governed by the law of California, though the agreement is silent on the issue of what state law governs it and Plaintiff is a resident of Washington.  In determining this, the Court looked to California Civil Code § 1646 and to the Restatement, as required by <u>Shannon-Vail Five Inc. v. Bunch</u>, 270 F.3d 1207, 1210 and to Washington state law.  The Court took into account the fact that the Indemnity Agreement was executed in California, that the underlying public works projects were in California, and the surety bonds were issued in California.  <u>See</u> <u>Plaintiff's Supplemental Briefing Regarding Applicable Law</u> at 2-4.  Furthermore, the parties stipulated that they believed the contract to be governed by California law.

fees, investigative costs" incurred by Plaintiffs "by reason of having executed any Bond."

The parties don't dispute that Plaintiff incurred expenses for attorneys, consultants, and investigators.  The issue in dispute, as stated in the papers and at trial, was whether these expenses and the amount of the demand were reasonably incurred and whether the amounts themselves were reasonable.

The Court finds that the Defendant breached the contract and this breach caused damage to the Plaintiff by requiring it to hire attorneys, investigators, and consultants.  The Court finds that it was reasonable for Plaintiff to hire attorneys, investigators, and consultants to participate in and monitor the on-going Suits.  Because of Defendants' failure to take up Plaintiff's side in the Romak action, default was entered against Plaintiff.  After such an action, any reasonable party would be concerned that its interests were being properly taken care of.  From that point, Plaintiff's decision to hire counsel and others to assist in and monitor the litigation of the Suits was reasonable.  Also, because Safeco's potential exposure on the Suits was enormous, Plaintiff's cautionary measures were entirely reasonable.  Furthermore, the Court finds that the amounts spent on those cases were reasonable. Accordingly, the Court AWARDS Plaintiff $25,529.33.

The Indemnity Agreement also states that, upon demand, Defendants shall pay the Plaintiff "all loss, costs and expenses of whatsoever kind and nature, including court costs and attorneys fees . . ., consultant fees, investigation costs and any other losses, costs or expenses . . . incurred by it on account of any

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

<u>Default under this agreement by any of the Undersigned</u>."
Indemnity Agreement (Admitted into Evidence as Plaintiff's Ex. 1)
at 1 (emphasis added).  The Indemnity Agreement defines "default"
to include, <u>inter alia</u>, in situations in which the undersigned
"[b]reaches, fails to perform, or comply with any provision of
this agreement."  <u>Id.</u>  Having found that Defendants breached the
Indemnity Agreement, the Court FINDS as a matter of law that
Defendants are jointly and severally liable to Plaintiff for
reasonable attorneys fees incurred in Plaintiff's prosecution of
this action.

　　　　B.　　<u>Collateral Security</u>

　　　　Though Defendants have made statements at various times
indicating that the <u>Ki-Man Song</u> case and the <u>Chong Duk Kim</u> case
have both settled, the Court has yet to receive official
confirmation of the settlement of either case.  The Court
therefore finds that Plaintiff is entitled under the Indemnity
Agreement to demand collateral security from Defendants in the
amount of $500,000.00 to protect Plaintiff from any possible
liability flowing from these cases.  Accordingly, the Court AWARDS
Plaintiff $500,000.00 in collateral security.


**IV.  <u>CONCLUSION</u>**

　　　　The Court finds that Defendants breached the Indemnity
Agreement and therefore Plaintiff is owed damages in the amount of
$25,529.33, collateral security in the amount of $500,000.00, and
attorney's fees in the amount listed in the Amended Judgment.  The
Court finds that these Defendants are jointly and severally liable

for paying these damages.

Accordingly, the Court finds in favor of Plaintiff Safeco Insurance Company of America and against Defendants Lori Chiang, Robert Chiang, and Chiang CM Construction Company, Inc.

IT IS SO ORDERED.

Dated: February 7, 2007

_____
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

8